Weight, J.,
delivered tbe opinion of the' Court.
In this cause, we think the Chancellor's decree i® proper upon two grounds.
First. The defendant, George W. White, at the time complainant filed his bill and had his attachment served,was indebted to the defendant, John Frizzell, in a greater amount than he owed White ; and complainant, as an attaching creditor of White, upon general principles, cannot take the fund belonging to him, from the hands of Frizzell, until the debt due the latter is paid.,
White himself cannot do - so, and complainant is upon no higher ground. This view of the case is sustained by the principles decided in Nolen v. Crook et al., 5 Hum., 312, and Fay v. Reager, Ex’r, et al., 2 Sneed, 200.
Second* Frizzell had attached the fund belonging to White, in his own hands, to secure the debt due him, before complainant filed his bill. This gave him priority.
The objections made here to the attachment, by complainant’s counsel, are not of a character to make it void. They, at most, make the proceeding erroneous and subject to abatement upon the plea of the defendant, White, and might be amended* Code of Tennessee, sections 3475, 3476 and 3477; 2 Swan, 107; Porter v. Partee, 7 Hum., 168.
We affirm the decree.